UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Shepaug Realty, LLC,** : | |
| Plaintiff, : | |
| : | Case No. 3:05cv628 (JBA) |
| **v.** : | |
| : | |
| **Stephanie Ingrassia,** : | |
| Defendant. : | |

**RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION [DOC. # 36]
AND DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER [DOC. # 37]**

On April 5, 2006, pursuant to the schedule agreed to on the record at the April 3, 2006 status conference, plaintiff filed a Motion for Leave to Amend [Doc. # 31].  The Court granted plaintiff's motion on April 6, 2006 [Doc. # 34].  Defendant now seeks reconsideration of the Court's order granting plaintiff's motion or, alternatively, seeks leave to amend her answer to include an affirmative defense and counterclaims against plaintiff [Docs. ## 36, 37].  For the reasons that follow, defendant's Motion for Reconsideration will be granted, but the outcome is unchanged, and her Motion for Leave to Amend Answer will be granted.

**I.   Motion for Reconsideration [Doc. # 36]**

Defendant seeks reconsideration of the Court's order granting plaintiff's Motion for Leave to Amend because, defendant correctly notes, plaintiff's motion was granted before defendant had the opportunity to oppose.  For this reason alone, reconsideration must be granted.  Thus, the Court will treat the

1

instant Motion for Reconsideration as defendant's opposition, as opposed to a motion for reconsideration, because plaintiff's motion was prematurely acted on.

Defendant argues that plaintiff's Motion for Leave to Amend was interposed more than eight months after the deadline set in the initial scheduling order for the filing of amended pleadings, and was not supported by good cause.  Id. at 5-6 (citing cases). Defendant contends that plaintiff failed to provide any reason for its delay, and that if plaintiff is permitted to add its claim for monetary damages at this late date, defendant will be unfairly prejudiced by, at the very least, the necessity of re-deposing several witnesses for damages purposes.  Id. at 7-8.

While plaintiff's proposed amendment comes well past the deadline for amended pleadings and may require the parties to conduct some additional discovery, Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires."  In this case, plaintiff seeks to amend its complaint to include a claim for monetary damages as an alternative form of relief in the event the Court concludes that a constructive trust on the property at issue is not permissible as a form of relief.  Thus, without this amendment, plaintiff could be left without any remedy even if liability were proved.  Further, the possibility of an amendment necessitating additional discovery was discussed at the April 3 status

conference, and the discovery deadline was extended accordingly. The Court will consider further extensions if necessitated by plaintiff's amendment.

For the above stated reasons, and in the absence of any claim of undue delay, bad faith, or dilatory motive on the part of plaintiff, the Court finds that plaintiff's proposed amendment is in the interests of justice and that it will not unduly prejudice defendant, and thus on reconsideration, the Court adheres to its prior decision.

## II.  Motion for Leave to Amend Answer [Doc. # 37]

Defendant alternatively seeks to amend her answer in light of plaintiff's Second Amended Complaint to include an affirmative defense of anticipatory breach and counterclaims for breach of contract and violations of the Connecticut Unfair Trade Practices Act.  Defendant argues that she did not include such counterclaims in her original answer because plaintiff's First Amended Complaint did not include claims for money damages and, as such, "justice requires that defendant be permitted to amend her answer."  Def. Motion to Amend [Doc. # 37] at 2.  Plaintiff does not oppose defendant's proposed amendments and has filed a response to defendant's Amended Answer and an affirmative defense to defendant's proposed counterclaims.  See [Doc. # 39].

Absent any opposition from plaintiff, and because the Court has permitted plaintiff to amend its complaint at this late

stage, the Court will permit defendant's Amended Answer. See Fed. R. Civ. P. 15(a) ("A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."); EEOC v. Morgan Stanley & Co., Inc., 211 F.R.D. 225, 227 (S.D.N.Y. 2002) ("[A] defendant who is responding to an amended complaint cannot amend his answer as of right without any regard to the amendments taken by his adversary. . . . [But, if] plaintiff expands its case by adding new theories or claims, it cannot complain if the defendant seeks to do the same by averring new counterclaims.").

### III. Conclusion

For the foregoing reasons, defendant's Motion for Reconsideration [Doc. # 36] is GRANTED, but plaintiff's Amended Complaint is permitted, and defendant's Motion for Leave to Amend Answer is GRANTED [Doc. # 37]. The Clerk is directed to docket defendant's Amended Answer [Doc. # 37, Exhibit A]. If necessary, the parties may file an amended Rule 26(f) Planning Report to address discovery needs necessitated by the pleading amendments.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut this 5th day of May, 2006.**

4